NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAY TRECE V. WILLIAMS, | No. 20-16949 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01952-SMB |
| v. | |
| CIRCLE K STORES INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Lay Trece V. Williams appeals pro se from the district court's summary

judgment in her Title VII employment action alleging discrimination and

retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1001 (9th Cir. 2019). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

In her opening brief, Williams fails to address the district court's dismissal of her sex and age discrimination claims, and she has therefore waived her challenge to the district court's orders on these claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly granted summary judgment because Williams failed to raise a genuine dispute of material fact as to whether defendant discriminated against her based on her race or retaliated against her. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985) ("An employee is not protected by Title VII when he violates legitimate company rules, knowingly disobeys company orders, disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals." (citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**